PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| SAKHU MAA TEM HERU aka SEKOU MUATA IMANI, | ) ) CASE NO. 5:19CV1105 |
| Petitioner, | ) ) |
| v. | ) JUDGE BENITA Y. PEARSON ) ) |
| NORM ROBINSON, Warden | ) ) |
| Respondent. | ) **ORDER** |

This case has been transferred from the United States District Court for the Southern District of Ohio. *See* Order (ECF No. 6). *Pro Se* Petitioner Sakhu Maa Tem Heru aka Sekou Muata Imani filed an Amended Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 (ECF No. 5). Petitioner is currently incarcerated in the London Correctional Institution, having been convicted in 2008 on four counts of trafficking in drugs (powder and crack cocaine) in Tuscarawas County, Ohio Common Pleas Court Case No. 2007 CR 04 0145. He was sentenced to an aggregate term of 16 years in prison. In this Petition, he asserts he notified the Tuscarawas County Common Pleas Court that he was legally separating from the name of Sekou Muata Imani and all criminal liability associated with that name, but they have failed to acknowledge his declaration. Petitioner also claims that as a result of a "23 and Me" ancestry test, he discovered he is genetically linked to the Pima Native Americans of Arizona. He contends that under the Treaty of Guadalupe Hidalgo of 1848, inhabitants of the territory now known as Arizona were permitted to elect United States citizenship or to retain Mexican citizenship and

(5:19CV1105)

remain in the territory. Petitioner claims that as both a Native American and a foreign national, the Tuscarawas County Common Pleas Court lacked jurisdiction to try him on the drug charges. He seeks immediate release.

This is Plaintiff's second Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 contesting this same conviction. For the reasons set forth below, the Court finds the Petition to be successive and it is transferred to the United States Court of Appeals for the Sixth Circuit for permission to proceed.

**I. Background**

Petitioner sold crack cocaine or powder cocaine to a confidential informant on four dates in March and April 2007. The sales took place at Petitioner's residence, which was located within 1,000 feet of an elementary school. Three of the transactions were recorded on audio or video. He was indicted on April 17, 2007 on two counts of aggravated trafficking in drugs, felonies of the first degree, and two counts of trafficking in drugs, felonies of the third degree. He entered pleas of not guilty, and the matter proceeded to a jury trial on April 17, 2008. The jury found appellant guilty on all four counts. On May 14, 2008, the trial court sentenced Petitioner to two consecutive five-year prison sentences for aggravated trafficking, and two consecutive three-year sentences for trafficking, for a total aggregate prison sentence of 16 years. *State v. Imani*, No. 2008 AP 06 0043, 2009 WL 3491155, at *1 (Ohio App. 5th Dist. Oct. 27, 2009).

(5:19CV1105)

Petitioner filed a timely direct appeal, and presented the following three assignments of error:

> 1. The trial court erred in failing to grant Appellant's request for substitute counsel and as a result the appellant was denied effective assistance of counsel.
>
> 2. The trial court erred in allowing the laboratory reports from the Bureau of Criminal Investigation into evidence, as well as not providing Appellant with an independent analysis performed by a laboratory analyst appointed by the court.
>
> 3. The jury verdict is not supported by the sufficiency of the evidence and is against the manifest weight of the evidence.

The court of appeals affirmed the judgment of the trial court in October 2009. *Id.*

Petitioner did not file an appeal of that decision to the Supreme Court of Ohio. Instead, on January 8, 2010, Petitioner filed a motion seeking an extension of time to file a Ohio App. R. 26(B) application to reopen his appeal. He, however, failed to file a delayed Rule 26(B) application during that time, and the court of appeals denied the motion for extension on November 10, 2010.

Petitioner then filed a motion for resentencing under Ohio Crim. R. 52(B) on February 15, 2012. The trial court denied the motion, finding the claims barred by *res judicata*. Petitioner filed an untimely notice of appeal, which was dismissed *sua sponte* on April 27, 2012. *Imani v. State*, No. 2012 AP 04 0029 (Ohio App. 5th Dist. filed April 19, 2012).

On October 18, 2012, Petitioner filed a delayed Rule 26(B) application to reopen his appeal, arguing his appellate counsel was ineffective for failing to raise the following arguments:

> 1. Testimony induced at trial was insufficient to convict upon all four school enhancement penalties.

3

(5:19CV1105)

> 2. Trial court abused its discretion when it failed to grant defense counsel's motion for acquittal.
>
> 3. Prosecutor committed misconduct by not providing discovery in violation of [Ohio Crim. R. 16](#).

On November 27, 2012, the court of appeals denied leave to file the delayed application, finding that Petitioner failed to establish good cause for his nearly three-year delay in bringing it to the court. [*State v. Imani*, No. 2008 AP 06 0043 (Ohio App. 5th Dist. filed June 12, 2008)](#).

On October 31, 2012, Petitioner filed a motion for leave to file a delayed motion for new trial. The trial court denied the motion on January 4, 2013. Petitioner filed an appeal, and presented the following assignments of error:

> 1. The trial court abused its discretion when it denied Appellant's motion for leave to file a delayed motion for new trial upon prosecutorial misconduct, the knowing use of false evidence and/or false testimony.
>
> 2. The trial court abused its discretion when it denied Appellant's motion for leave to file a delayed motion for new trial upon newly discovered evidence.

The state court of appeals affirmed the judgment of the trial court. [*State v. Imani*, No. 2013 AP 01 0008, 2013 WL 2285336 (Ohio App. 5th Dist. May 21, 2013)](#). Petitioner pursued an appeal before the Supreme Court of Ohio, setting forth two propositions of law:

> 1. Whether it is an abuse of discretion to deny Appellant's Motion for Leave to File a Delayed Motion for New Trial upon when Appellant has shown by clear and convincing evidence that the prosecution knowing use of false evidence and/or testimony denied him a fair trial.
>
> 2. When appellant is denied due process and a fair trial under Article I, Section 10 of the Ohio Constitution and the Fifth, Sixth and Fourteenth Amendments to the United States Constitution by structural error in the form of ineffective assistance of counsel, a new trial is warranted.

(5:19CV1105)

The Supreme Court declined to accept jurisdiction of the appeal on December 24, 2013. *State v. Imani*, 137 Ohio St.3d 1441 (2013).

Petitioner then filed his first Petition for a Writ of Habeas Corpus in the United States District Court for the Southern District of Ohio on October 30, 2014. Like the within Petition, the petition was transferred to this district based on the geographical location of Peititioner's county of conviction. He asserted three grounds for relief:

> 1. Defendant was denied due process and equal protection of law when the prosecution engaged in misconduct by withholding exculpatory evidence, failing to disclose evidence, arguing facts not in evidence, vouching for false testimony of witnesses, and altering evidence.
>
> 2. Defendant was denied effective assistance of counsel by counsel's failure to fully investigate the case; not review all evidence; not object to altered evidence; and, not request a continuance of the trial based upon late disclosure of exculpatory evidence.
>
> 3. The trial court abused its discretion thereby denying Defendant due process and equal protection of law by failing to grant a continuance of the trial when exculpatory evidence had been disclosed as late as the day of trial; by not compelling discovery of an agreement made with Co-Defendants; by sentencing Defendant to consecutive sentences; and, by not assigning Defendant new counsel.

The Court denied the writ and dismissed the petition as untimely, finding it was filed after the expiration of the one-year statute of limitations period. The Court denied a certificate of appealability. *Imani v. Hooks*, No. 5:14CV2464, 2015 WL 13730933 (N.D. Ohio Nov. 25, 2015) (McHargh, M.J.) *report and recommendation adopted*, No. 5:14CV2464, 2016 WL 3048847 (May 31, 2016) (Adams, J.). Petitioner did not appeal that decision to the United States Court of Appeals for the Sixth Circuit.

(5:19CV1105)

On September 12, 2016, Petitioner filed five affidavits in his criminal case in the Tuscarawas County Common Pleas Court:

1. Notice of Intent (Common Law Name Change/Notice to Correct the Record);

2. Legal Notice Challenge and Denial of Jurisdiction, Validity of Indictment, Application of Statutes;

3. Writ of Discovery;

4. Legal Notice; and,

5. Affidavit and Notice Dispute, Cancellation and Discharge of Fraudulent Debt, Fines and Color of Authority Actions.

ECF No. 5 at PageID #: 26. He contends the trial court "failed to challenge the legal existence of Petitioner Sakhu Maa Tem Heru in regards to the above stated declarations and exercise of political rights (change of citizenship/domicile, legal separation from the name and all criminal liability of Sekou Muata Imani)." Petitioner also states the trial court did not respond to his challenge to its jurisdiction; and by failing to respond, it "admitted that they lack personam and subject matter jurisdiction over Petitioner and as far as Petitioner is concerned, Case No. 2007 04 0145 [his criminal case] is void." ECF No. 5 at PageID #: 26.

On August 15, 2017, Petitioner filed a Petition for a Writ of Habeas Corpus under Ohio Rev. Code § 2925.01 in Belmont County, Ohio Court of Common Pleas Case No. 17 CV 0279, asserting that the Tuscarawas County Common Pleas Court admitted his conviction was void by failing to dispute it lacked personal and subject matter jurisdiction over Petitioner. The Warden of Belmont Correctional Institution responded with a Motion to Dismiss. After receiving no response from the court, on December 11, 2017, Petitioner filed a declaration of rights under

(5:19CV1105)

Article 8 of the Treaty of Guadalupe Hidalgo and a motion for summary judgment. When he still had not received a response to his filings, he filed an action in the Supreme Court of Ohio seeking to compel the Belmont County Common Pleas Court judge to rule on his petition and his motions. *State of Ohio ex rel. Sakho Maa Tem Heru v. John A. Vavra, Belmont County Common Pleas Judge*, No. 2018-0346 (Ohio S. Ct. filed March 7, 2018). On March 15, 2018, Judge Vavra granted the Warden's motion to dismiss. Judge Vavra then filed a motion to dismiss the action in the Ohio Supreme Court, which the Court granted on May 23, 2018.

Petitioner has now filed a second Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in this District Court. He asserts that the State of Ohio is unlawfully detaining him in violation of the United States Constitution and the Treaty of Guadalupe Hidalgo. He also asserts he changed his name and the State has not produced an indictment charging Sakhu Maa Tem Heru with a crime thereby detaining him under a void sentence and name other than his own. Petitioner contends this is a violation of law from the Republic of Mexico and the Treaty of Guadalupe Hidalgo. He seeks relief from his conviction and immediate release.

## II. Successive Petition

Before a second or successive petition for a writ of habeas corpus can be filed in the District Court, the petitioner must move in the appropriate Circuit Court of Appeals for an Order authorizing the District Court to consider the application. 28 U.S.C. § 2244(b)(3)(A). The District Court does not have jurisdiction to entertain a successive petition in the absence of an order from the Court of Appeals authorizing the filing. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). When a second or successive petition is filed in this Court without § 2244(b)(3)

7

(5:19CV1105)

authorization, this Court must transfer the petition to the Court of Appeals for the Sixth Circuit. *Id.* That being the case, this Court is without jurisdiction to entertain this Petition if it is successive, unless authorized to do so by the Sixth Circuit.

To be "successive" within the meaning of the statute, the subsequent petition must relate to the same conviction or sentence under attack in the prior petition. *See In re Page*, 179 F.3d 1024, 1025 (7th Cir. 1999) (and cases cited therein). Not all subsequent petitions relating to the same conviction or sentence, however, are considered successive. *See Stewart v. Martinez-Villareal*, 523 U.S. 637, 643 (1998). Courts have held that a later petition is not successive where the first petition was dismissed as premature, was dismissed without prejudice for failure to exhaust state court remedies, or was dismissed because Petitioner failed to either pay the filing fee or provide proper support for his application for pauper status. *See Slack v. McDaniel*, 529 U.S. 473, 485-86 (2000); *Storey v. Vasbinder*, 657 F.3d 372, 377-78 (6th Cir. 2011). In all of those contexts, the District Court had jurisdiction to consider the subsequent petitions without first obtaining authorization from the Court of Appeals, because the prior dispositions were not "on the merits." *See Slack*, 529 U.S. at 485-86. Conversely, when a prior petition is dismissed "on the merits," the prisoner must obtain authorization from the Court of Appeals pursuant to § 2244(b)(3) before filing a subsequent federal habeas application. *In re Cook*, 215 F.3d 606, 608 (6th Cir. 2000). These include second petitions filed after the petitioner's first petition was dismissed on grounds of procedural default or on the grounds that it was barred by the statute of limitations. *See id.*; *Staffney v. Booker*, No. 2:09-CV-14553, 2009 WL 4506425, at *1 (E.D. Mich. Nov. 25, 2009).

(5:19CV1105)

In this case, the Petition is successive.  It is the second habeas petition that Petitioner filed to challenge his 2008 conviction in Tuscarawas County Common Pleas Court.  His first petition was denied on the merits as untimely.  He has not sought leave to file a successive Petition.  That being the case, this Court is without jurisdiction to entertain this Petition.

Accordingly, pursuant to *In re Sims*, 111 F.3d 45 (1997), this action is transferred to the United States Court of Appeals for the Sixth Circuit.


IT IS SO ORDERED.


|   August 19, 2019   |   */s/ Benita Y. Pearson*   |
| --- | --- |
| Date | Benita Y. Pearson |
| | United States District Judge |